**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES INTERNATIONAL
TRADE COMMISSION
500 E Street, SW
Washington, DC 20436

                Petitioner,

v.

MERLE W. RICHMAN, III, ESQ.
8376 La Jolla Shores Dr.
La Jolla, CA 92037

                Respondent.

Miscellaneous No.
1:23-mc-85-CKK-RMM

---

**REPLY IN SUPPORT OF PETITION FOR AN ORDER TO**
**ENFORCE SUBPOENA ISSUED BY THE UNITED STATES**
**INTERNATIONAL TRADE COMMISSION**

Respondent does not dispute the relevance of the administrative subpoena *duces tecum* and *ad testificandum* ("subpoena") issued by the United States International Trade Commission ("Commission") in the underlying Commission investigation. Nor does Respondent dispute that he has had actual notice of the subpoena since May 2023. Instead, Respondent argues that he was not properly served with the subpoena because he was not served in person. Setting aside Respondent's incorrect argument that personal service of the Commission's administrative subpoena is required under D.C. Circuit law, the present dispute can be distilled to a simple question of fact for the Court: whether the efforts of a professional process server, hired to personally serve Respondent in California, a licensed attorney in that state, were sufficient to effect personal service of the Commission's subpoena, in view of Respondent's refusal to accept service of the subpoena.

The Commission's enabling statute does not preclude service of the Commission's administrative subpoena by other means, including by mail.  In any event, Respondent *was* served in person in this case.  In-person service was attempted multiple times and was effected when Respondent refused service by fleeing behind a locked gate.  Under the clear rule of this Circuit, one cannot evade service in this manner, and the subpoena should therefore be enforced, promptly and without opportunity for further challenges.

Should the Court find that service was not properly effected, then, in view of Respondent's continued refusal to accept service of the subpoena, the Commission respectfully requests that the Court issue an order requiring Respondent to provide an address as well as a date and time where he can be served in person with the subpoena.

I.      **In-Person Service Was Properly Effected Upon Respondent.**

Respondent spends the bulk of his response opining on the legal requirements for personal service of subpoenas under the law of this Circuit.  But even if personal service is required for the Commission's administrative subpoena, the law in this Circuit is also clear that one cannot evade personal service of a subpoena by refusing to accept service of that subpoena. *See Novak v. World Bank*, 703 F.2d 1305, 1310 n.14 (D.C. Cir. 1983); *Hood v. City of Chicago*, No. 1:19-mc-00123(APM), 2019 WL 5295169, *4 (D.D.C. Oct. 18, 2019) (finding that Respondent was properly served where Respondent advised the process server through a locked door of his refusal to accept service of a subpoena).

In this case, personal service was attempted multiple times at Respondent's residential address in La Jolla, California, and was effected on May 12, 2023.  *See* ECF 1-4 at 80. Specifically, the affidavit of the process server indicates that on May 12, 2023, at 8:52 pm, he made contact with two individuals at the La Jolla residence, a male and a female, but that the

male who looked like Respondent "would not respond and fled behind a locked gate."[1]  *See id.*

At the same time, the "[f]emale advised [the process server] they are only renters and had no

forwarding information," *id.*, which is directly contradicted by Respondent's sworn statement

that his underage daughter and his wife lived at the La Jolla California residence in May 2023,

*see* ECF 9-1, Richman's Decl. at ¶ 11.

Respondent questions how the process server would recognize him and whether he had a

picture of him.  *See* ECF 9, Richman's Resp. at 8.  The process server was indeed provided with

pictures of Respondent by counsel for the respondents in the underlying Commission

investigation, and such pictures are readily available online.  *See*, *e.g.*,

https://www.linkedin.com/in/merle-richman-a350a714/ (last accessed on October 16, 2023);

https://www.alignable.com/san-diego-ca/merle-w-richman-esq (last accessed on October 16,

2023); https://www.bloomberg.com/profile/person/21373518#xj4y7vzkg (last accessed on

October 16, 2023).  Importantly, these publicly available photos are specifically linkable to

Respondent through his middle initial "W," the suffix "III," and/or his status as an attorney.

Respondent instead misdirects the Court to the online picture of a different, and much younger,

Merle Richman, who is not an attorney but a polo player for the U.S. Naval Academy.  It is not

credible, however, that anyone, much less a process server, would confuse the attorney "Merle

W. Richman III" with the much younger "Merle Richman," the polo player.  The Court is well

within its authority to discount Respondent's specious argument.

---

[1] It is clear from the affidavit of the process server that personal service was generally attempted at "8376 La Jolla Shores[] Drive, La Jolla CA 92037," which was Respondent's last known residential address in California, and a residence which he continues to own.  *See* ECF 1-4 at 80; ECF 9-1, Richman's Decl. at ¶ 7.  The process server specifically indicated those instances when he attempted service at a different address.  *See id.*

The Court should also decline to credit Respondent's assertion that he had already moved out from his residential address in La Jolla, California, by May 12, 2023, when the process server made contact with him and attempted to serve him with the subpoena.  *See* ECF 9, Richman's Resp. at 8.  Respondent alleges that he moved to New Mexico, on May 1, 2023, just one day before the process server started his multiple attempts to serve him.[2]  *See id.* at 7; ECF 1-4 at 80. Yet Respondent has not provided a single piece of evidence to corroborate that assertion.  Nor has Respondent provided any evidence that he extinguished his residency in California, particularly given that Respondent is still a co-owner of the California residence and admits that his wife and underage daughter reside there.  *See* ECF 9-1, Richman's Decl. at ¶¶ 7, 11.  Still further, Respondent's claim of residency in New Mexico beginning on May 1, 2023, is directly contradicted by his representations to the United States Postal Service on July 21, 2023.  *See* ECF 2-1, Pet., Ex. N (filed under seal).

In sum, nothing raised by Respondent in his response (ECF 9) adequately refutes the Commission's underlying premise:  personal service was attempted, multiple times, and was purposefully evaded by Respondent at his family residence in La Jolla, California.  Respondent's protestations to the contrary are speculative and not credible.  Under the clear law in this Circuit, Respondent's refusal to accept service of the Commission's subpoena on May 12, 2023, means effective service, and the subpoena should be enforced.

---

[2] Respondent very recently changed his address with the California State Bar to "10 Calle Del Caballo # 1142, Sandia Park, NM 87047."  *See* https://apps.calbar.ca.gov/attorney/Licensee/Detail/189876; *see also* ECF 9-1, Richman's Decl. at ¶ 6.  That address, however, appears to be a vacant lot.  *See* https://google.com/maps/place/10+Calle+Del+Caballo+%231142,+Sandia+Park,+NM+87047/@35.161895,-106.35745,17z/data=!3m1!4b1!4m5!3m4!1s0x871898181a9b2c79:0xb2de734d515697d1!8m2!3d35.161895!4d-106.35745?entry=ttu (last accessed on October 16, 2023); https://www.zillow.com/homedetails/10-Del-Caballo-Sandia-Park-NM-87047/183553257_zpid/ (last accessed on October 16, 2023).

II.    <u>**Service of the Commission's Administrative Subpoena Is Not Limited to In-Person
Service Under Section 333 and the Commission's Rules.**</u>

Should the Court find that in-person service of the subpoena was properly effected upon

Respondent, the Court need not reach the legal question of whether the subpoena can properly be

served by other means, including by mail.  In any event, the Commission disputes Respondent's

assertion that the Commission lacks the authority to permit service of the Commission's

administrative subpoena by mail.  Because Respondent does not dispute that he actually received

the subpoena by mail, the Court should find that service of the subpoena was properly effected

upon Respondent pursuant to the Commission's rules.  *See* 19 C.F.R. § 201.16(b)(1).

Respondent chiefly relies on *F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, to

argue that service of the Commission's administrative subpoena is limited to in-person service,

but that "case addresse[d] a narrow issue of broad international consequence," *i.e.*, whether

"Congress expressly or impliedly authorize the Federal Trade Commission . . . to serve its

investigatory subpoenas directly ***upon citizens of other countries*** by means of registered mail."

*See F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1304 (D.C. Cir.

1980) (emphasis added).  The D.C. Circuit held that it may not construe congressional silence to

justify agency power where the "agency action threatens to have extraterritorial, rather than

merely national, impact."  *See id.* at 1322.  Importantly, the facts and extraterritorial impact at

issue in the *FTC* case are not present here, where the Commission seeks to enforce an

administrative subpoena against a California-licensed attorney living within the continental

United States.[3]

---

[3] Respondent's reliance on the Administrative Law Judge's order in *Certain Personal Computers
and Digital Display Devices* is misplaced for the same reasons as with the *FTC* case because that
order also concerned subpoenas directed to foreign entities.  *See* Inv. No. 337-TA-606, Order
No. 5, 2007 WL 2070868 (July 12, 2007).

Instead, more closely applicable here, the D.C. Circuit recognized that "[s]ilence throughout the statute is weaker evidence of congressional intent to preclude nationwide service of process . . . because there is no indication that Congress considered and rejected nationwide service of process for actions under section 333(b)." *See U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 252 (D.C. Cir. 2005) (citing 19 U.S.C. § 1333(b)); *see also* 1937 Notes of Advisory Committee on Fed. Rule Civ. Proc. 45 (stating that the rule "applies to subpoenas *ad testificandum* and *duces tecum* issued by the district courts" but not to "the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority," including "Title 19, §1333(b) (Tariff Commission)"). In the same vein, statutory silence as to the authorized manner of service of an administrative subpoena does not preclude the Commission's assertion that such service may be effected by mail pursuant to Commission Rule 201.16. *See* 19 C.F.R. § 201.16(b)(1) (providing that service may be effected by "mailing or delivering a copy of a nonconfidential version of the document to each party").[4]

The statute (19 U.S.C. § 1333) provides the Commission with broad authority to obtain relevant information whether such information is obtained from parties or non-parties in the United States, whether by subpoena or otherwise. *See* 19 U.S.C. § 1333(b) ("Such attendance of witnesses and the production of such documentary evidence may be required from any place in the United States at any designated place of hearing."). Thus, the Commission's rules properly include service by mail for service of process and other documents. *See* 19 C.F.R.

---

[4] The Commission's service rule is not exceptional among administrative agencies. For example, the U.S. Securities and Exchange Commission permits service of its investigative subpoenas by "[s]ending the papers through a commercial courier service or express delivery service." *See* 17 C.F.R. § 201.150(d)(3). Similarly, the Federal Trade Commission permits domestic service of its subpoenas "by any method reasonably certain to inform the affected person" and "[s]ervice under this provision is complete upon delivery by the Post Office or upon personal delivery (including delivery by courier)." *See* 16 C.F.R. § 4.4(a)(3).

§ 201.16(b)(1); *see also* 19 U.S.C. § 1335 ("The commission is authorized to adopt such reasonable procedures and rules and regulations as it deems necessary to carry out its functions and duties.").  Because Respondent does not contest that he received the subpoena by mail, the Court should find that service of the subpoena was properly effected upon Respondent.

III.     **Should the Court Find that Service Was Not Properly Effected, the Court Should Order Respondent to Accept Service of the Subpoena or Provide an Address Where He Can Be Personally Served.**

If the Court finds that service was not properly effected, the Commission respectfully requests that the Court order Respondent to accept service of the subpoena or provide a valid address as well as a date and time where he can be personally served with the subpoena.

Respondent asks that "the Court order the ITC Respondents to serve the subpoena personally and allow him sufficient time after service to move to quash or limit the subpoena." *See* ECF 9, Richman's Resp. at 2.  Respondent's request rings hollow because Respondent never agreed to provide an address where he could be served in-person, nor did he allow his attorney to accept service on his behalf, thereby causing the Commission to file its petition to enforce the subpoena before this Court.  *See* ECF 1-1, Pet. at 11-12.  Respondent has been aware of the Commission's subpoena since May 2023, and has actively evaded all reasonable attempts to serve him whether in person or by mail pursuant to the Commission's rules.  Respondent's actions can only be interpreted as tactics to delay, stall, or entirely avoid the underlying Commission investigation, which is set for evidentiary hearing beginning on November 1, 2023.

Given Respondent's refusal to accept service of the subpoena, the Commission believes that, at a minimum, the Court should order Respondent to provide a valid address as well as a date and time where he can be personally served.  Should the Court find that the subpoena was properly served on Respondent, the time for objecting or moving to quash the subpoena, which is ten (10) days after receipt of the subpoena, would be over.  *See* 19 C.F.R. § 210.32(d).  On the

other hand, if the Court finds that Respondent was not properly served, Respondent would have another opportunity to object or move to quash the subpoena before the Commission, as permitted under the Commission's rules. *See id.*

## IV.   <u>Conclusion</u>

For the foregoing reasons, the Commission respectfully requests that the Court find that the subpoena was properly served on Respondent and that the Court enforce the subpoena. Should the Court find that the subpoena was not properly served, the Commission respectfully requests that the Court order Respondent to accept service of the subpoena or provide a valid address as well as a date and time where he can be personally served with the subpoena.

Date: October 16, 2023                           Respectfully submitted,

Houda Morad
Attorney-Advisor
D.C. Bar No. 992567

By: /s/ Houda Morad_____
DOMINIC L. BIANCHI
    General Counsel
BENJAMIN S. RICHARDS (VA Bar No. 80853)
    Attorney-Advisor
HOUDA MORAD
    Attorney Advisor
U.S. International Trade Commission
500 E. Street SW
Washington, D.C. 20436
Email: houda.morad@usitc.gov
Phone: (202) 708-4716

*Counsel for Petitioner*
*United States International Trade Commission*